UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04756 GAF (Ex) | Date | July 24, 2013 |
|---|---|---|---|
| Title | Walter Hernandez v. Vivendi Universal Entertainment, LLC et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     (In Chambers)

### ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

Plaintiff Walter Hernandez brings this discrimination and wrongful termination suit against Defendants Vivendi Universal Entertainment, LLLP ("Vivendi") and Universal City Studios, LLLP ("Universal"). (Docket No. 1, [Not. of Removal ("Not.")], Ex. A [Compl.].) Plaintiff alleges that he was wrongfully terminated from his position as a Universal Studios theme park parking attendant due to discrimination on the basis of his diabetes. (Id. ¶ 17.) On May 24, 2013, Plaintiff filed a Complaint against Defendants in Los Angeles County Superior Court alleging eight state causes of action.

On July 1, 2013, Defendants timely removed the case to this Court on the basis of diversity jurisdiction. (Not. ¶¶ 10-24.) Defendants allege complete diversity based on Plaintiff being a citizen of California and Defendants being citizens of Delaware and Pennsylvania. (Id. ¶¶ 10-12.) As to the amount in controversy, Plaintiff specifies only an amount over $25,000.00. (Compl. at 1.) Defendants aver that the amount in controversy is met because "based on the allegations of the Complaint, it is more likely than not that the damages sought in connection with Plaintiff's . . . causes of action exceed $75,000." (Not. ¶ 16.) However, while Defendants spend seven pages of their removal petition establishing citizenship, they have taken a relatively cursory approach to the issue of amount in controversy. For the reasons set forth in detail below, the Court concludes that Defendants have not satisfied the amount in controversy requirement and the Court therefore **REMANDS** this action to Los Angeles County Superior Court.

JS - 6    **LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04756 GAF (Ex) | Date | July 24, 2013 |
|---|---|---|---|
| Title | Walter Hernandez v. Vivendi Universal Entertainment, LLC et al. | | |

**II.
DISCUSSION**

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

28 U.S.C. § 1332 confers federal courts with original jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). And "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Where it is unclear from the face of the complaint whether the $75,000 amount in controversy requirement has been met, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566–67 (9th Cir. 1992). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional minimum]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The Ninth Circuit has endorsed the "practice of considering facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotations and citation omitted). There is a strong presumption in the Ninth Circuit against removal jurisdiction. Gaus, 980 F.2d at 566.

JS - 6   LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04756 GAF (Ex) | Date | July 24, 2013 |
|---|---|---|---|
| Title | Walter Hernandez v. Vivendi Universal Entertainment, LLC et al. | | |

**B. APPLICATION**

      The Court finds that Defendants have failed to adequately allege that the amount in controversy exceeds the jurisdictional threshold. Defendants argue that "[a]t the time of his termination on April 6, 2013, Plaintiff worked an average of approximately 32 hours per week at an hourly rate of $10.20 per hour," and therefore "[b]y the time this case is resolved at trial . . . Plaintiff's unmitigated lost wages and benefits due to his wrongful termination will amount to at least $20,000." (Id. ¶ 21.) Adding to that figure "Plaintiff's lost future earnings . . . and damages for emotional distress, punitive damages and statutorily-authorized attorneys' fees," Defendants conclude that "it becomes 'more likely than not' that the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction." (Id.) Instead of presenting concrete facts to support the conclusion regarding future earnings, emotional distress and punitive damages, Defendants instead provide "a sampling of reported verdicts from federal and state courts in California in cases alleging discrimination and/or wrongful termination or termination and/or retaliation" in which judgments in excess of $100,000 have been awarded. (Id. ¶ 22; see Not., Declaration of Jonathan M. Turner ("Turner Decl.")], Ex. A [Sampling of Reported Awards].)

      The Court agrees that the amount in controversy in many employment cases meets or exceeds the jurisdictional minimum. But that does not mean that the amount in controversy in every employment case meets or exceeds the $75,000 threshold; indeed, many such cases do not and this Court has not presided over a single employment case in which a plaintiff achieved an award of punitive damages.[1] To accept Defendant's approach that any employment case is removable because some such cases yield awards in excess of $75,000 would run afoul of the Ninth Circuit's strong admonition that the removal statute is to be "strictly construe[d] . . . against removal jurisdiction." Gaus, 980 F.2d at 566.

---

[1] While Defendants cite a single instance wherein a district court permitted the use of a sampling of verdicts to determine whether the amount in controversy is satisfied, (Not. ¶ 22, n.3), the Court does not endorse that practice. In any event, the Court notes that this practice has tended to focus on the likely recovery of punitive damages. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); Faulkner v. Astro-Med, Inc., 1999 U.S. Dist. LEXIS 15801, at *11-12 (N.D. Cal. Oct. 1, 1999). None of the jury verdicts put forth by Defendants resulted in punitive damages.

JS - 6    **LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04756 GAF (Ex) | Date | July 24, 2013 |
|---|---|---|---|
| Title | Walter Hernandez v. Vivendi Universal Entertainment, LLC et al. | | |

## III.
## CONCLUSION

Because Defendants have failed to provide the Court with sufficient evidence by which the Court could determine by a preponderance that the amount in controversy in this case exceeds $75,000, diversity jurisdiction has not been properly established. Accordingly, the Court **REMANDS** this case to Los Angeles County Superior Court.

**IT IS SO ORDERED.**